E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JASMIN YANG (Cal. Bar No. 255254)
MATTHEW J. SMOCK (Cal Bar No. 293542)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8827
Facsimile: (213) 894-7819
E-mail: Jasmin.Yang@usdoj.gov
Matthew.Smock@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

D.U.; and KATIE UCCELLO,

Plaintiffs,

v.

FIVE UNKNOWN NAMED DEPUTY MASHALS OF THE U.S. MARSHALS SERVICE; UNITED STATES OF AMERICA; and DOES 1 to 10, inclusive,

Defendants.

No. ED CV 20-02127-JWH-SP

**JOINT RULE 26(f) REPORT**

**Scheduling Conference:**
Hearing Date: October 21, 2022
Hearing Time: 11:00 a.m.
Ctrm: 9D

Honorable John W. Holcomb
United States District Judge

Plaintiffs D.U. and Katie Uccello ("Plaintiffs") and Defendant United States of America (the "United States"), by and through their undersigned attorneys, submit this joint report pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court Order Setting Scheduling Conference [Dkt. No. 35]:

## I. STATEMENT OF THE CASE

### A. Plaintiff's Statement

This case arises from an alleged wrongful death action brought by D.U. and Katie Uccello, heirs of decedent Michael Uccello (hereinafter "Decedent"), following an alleged incident with Defendants United States and its employees, FIVE UNKNOWN NAMED DEPUTY MARSHALS OF THE U.S. MARSHALS SERVICES.

Plaintiffs allege that on October 10, 2019 at or near 10th Street and Holguin Street in Lancaster, California while Michael Uccello was seated in his vehicle Defendants attempted to effectuate a stop of MICHAEL UCCELLO. During the process Defendants began firing several times at MICHAEL UCCELLO's vehicle, ultimately killing him.

### B. United States' Statement

The United States disputes that officers of the United States Marshals Service ("USMS") acted in violation of decedent's civil rights or that the United States is liable to Plaintiffs under the Federal Tort Claims Act ("FTCA"). USMS officers were in the process of effectuating an arrest warrant in connection with decedent's indictment for possession with intent to distribute heroin when the incident at issue occurred. *See* Dkt. 31 at 5. Moreover, as discussed below, Plaintiff's FTCA claim is barred by the discretionary function exception, 28 U.S.C. § 2680(a).

## II. SUBJECT MATTER JURISDICTION

### A. Plaintiff's Statement

This Court has jurisdiction over this action pursuant to 28 U.S.C 1331. Jurisdiction is additionally vested in this court under 28 U.S.C 1346(b) as the United States of America is a named defendant.

**B. United States' Statement**

The United States denies that subject matter jurisdiction over Plaintiff's FTCA claim exists. The United States' motion to dismiss under FRCP 12(b)(1) and 12(b)(6), Dkt. No. 34, is pending and will be heard on October 21, 2022. The United States reserves other jurisdictional defenses in the event of a subsequent amended complaint.

## III. LEGAL ISSUES

**A. Plaintiff's Position**

Plaintiffs filed their Second Amended Complaint on or about August 19, 2022 for (1) Violation of Decedent's Civil Rights (Bivens Action) and (2) Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671 set seq.)

**B. Defendant's Position**

The United States denies that Plaintiff has a cognizable claim under either *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) or the FTCA. Plaintiffs' tort claims are precluded by the FTCA's discretionary function exception, 28 U.S.C. § 2680(a). In addition, Plaintiffs have abandoned any assault claims, have not plead standing to assert survivorship claims, and have failed to allege damages for their survivorship and wrongful death claims. As stated above, the United States' motion to dismiss under FRCP 12(b)(1) and 12(b)(6), Dkt. No. 34, is pending and will be heard on October 21, 2022. In the event Plaintiff proceeds past the pleadings stage, the United States reserves the right to assert additional defenses.

## IV. PARTIES, EVIDENCE, ETC.

**A. Plaintiff's Position**

The following are parties to this action: Plaintiffs, D.U. and KATIE UCCELLO; Defendant, UNITED STATES OF AMERICA and FIVE UNKNOWN NAMED DEPUTY MARSHALS OF THE U.S. MARSHALS SERVICES.

The following are key evidence that Plaintiffs anticipates conducting discovery on in the case: Any video evidence of the interaction between Decedent and Defendants on October 10, 2019; the results of any investigation into Defendants actions; statements,

reports, and investigations of the marshals involved in the incident, United States Marshals' policy manual effective at the time of the incident.

**B. Defendant's Position**

The United States is the only named defendant and only served defendant. The Court previously dismissed the United States Marshals Service ("USMS") (Dkt. 31).

**V. DAMAGES**

**A. Plaintiff's Position**

Plaintiff seeks general and compensatory damages in an amount according to proof, and special damages in an amount according to proof. Plaintiffs are also seeking the medical expenses incurred in the treatment of Decedent at Antelope Valley Hospital, as well as, the burial and funeral related expenses according to proof.

There is also a claim of punitive damages against the individual Defendants.

**B. Defendant's Position**

The United States denies liability and denies that Plaintiff is entitled to any damages.

**VI. INSURANCE**

No insurance is applicable in this case.

**VII. MOTIONS**

**A. Plaintiff's Position**

If not stipulated to by Defendants, Plaintiffs anticipate a motion to amend the pleadings and name the Doe Defendants.

**B. Defendant's Position**

The United States reserves the right to file a motion for summary judgment and will comply with the Scheduling Order issued in this case.

**VIII. MANUAL FOR COMPLEX LITIGATION**

The Parties do not believe this case to be complex, and thereby do not anticipate utilizing the Manual for Complex Litigation. The parties do not believe there is a need for any proposals regarding severance, bifurcation, or the ordering of proof.

## IX. STATUS OF DISCOVERY

### A. Plaintiff's Position

Plaintiffs propose completing initial disclosures, but to do date no discovery has been exchanged.

### B. Defendant's Position

The parties have not yet commenced discovery. The United States' position is that discovery is premature so long as the United States' Motion to Dismiss the Second Amended Complaint, which raises jurisdictional and standing issues, remains pending.

## X. DISCOVERY PLAN

### A. Plaintiff's Position

Plaintiffs anticipate propounding written discovery in the form of interrogatories, requests for admission, and requests for production of documents following the scheduling conference. The discovery propounded will surround the events that took place on October 10, 2019, as well as, the names of the marshals involved in the shooting of Decedent and any potential witnesses.

Plaintiff anticipates taking the deposition of the involved marshals once their identities are discovered.

### B. Defendant's Position

The United States' position is that it is premature to set a fact discovery cutoff prior to the United States being required to file an answer to a complaint deemed valid by the Court. However, in the event the Court decides to set a schedule, the United States proposes the dates in the attached timetable. The United States does not propose that discovery be conducted in phases or otherwise limited, or that any deviations from the FRCP or Local Rules are required.

## XI. DISCOVERY CUTOFF

### A. Plaintiff's Position

Plaintiffs propose the dates in the attached timetable.

**B. Defendant's Position**

The United States' position is that it is premature to set a fact discovery cutoff prior to the United States being required to file an answer to a complaint deemed valid by the Court. However, in the event the Court decides to set a schedule, the United States proposes the dates in the attached timetable.

## XII. EXPERT DISCOVERY

**A. Plaintiff's Position**

Plaintiffs propose the dates in the attached timetable.

**B. Defendant's Position**

The United States' position is that it is premature to set a fact discovery cutoff prior to the United States being required to file an answer to a complaint deemed valid by the Court. However, in the event the Court decides to set a schedule, the United States proposes the dates in the attached timetable.

## XIII. DISPOSITIVE MOTIONS

**A. Plaintiff's Position**

Plaintiffs do not anticipate any dispositive motions at this time.

**B. Defendant's Position**

The United States' position is that it is premature to set a motion hearing deadline prior to the United States being required to file an answer to a complaint deemed valid by the Court. The United States reserves the right to file a motion for summary judgment and will comply with the Scheduling Order issued in this case.

## XIV. SETTLEMENT/ADR

The parties agree to Settlement Procedure No. 2, Local Rule 16-15.4, a neutral selected from the Court's Mediation Panel. No settlement discussions have been had by the parties at this time.

## XV. TRIAL ESTIMATE

The parties estimate trial in this case will take between 3-5 days.

## XVI. TRIAL COUNSEL

### A. Plaintiff's Position

George Mgdesyan and Araksya Boyadzhyan are trial counsel for Plaintiffs.

### B. Defendant's Position

Matthew J. Smock and Jasmin Yang are trial counsel for the United States.

## XVII. INDEPENDENT EXPERT OR MASTER

The parties agree that no independent expert or master is appropriate or necessary in this case.

## XVIII. TIMETABLE

The United States' position is that it is premature to set trial dates and discovery deadlines prior to the United States being required to file an answer to a complaint deemed valid by the Court. However, in the event the Court decides to set a schedule, the parties propose the dates in the attached timetable.

## XIX. AMENDING PLEADINGS AND ADDING PARTIES

The Parties have no objection to the Court's procedures at Dkt. No. 35 at 5:27-6:5 concerning amendment under FRCP 15. Plaintiffs anticipate amending the pleadings once the identity of the Doe Defendants have been discovered.

## XX. OTHER ISSUES

In light of the United States' pending motion to dismiss and the fact that there are unnamed parties who have not yet appeared in this action, the United States requests that the Court continue the Scheduling Conference until the case is at issue. Plaintiffs wish to proceed with the Scheduling Conference as issued.

## XXI. CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE

The parties do not consent to proceed before a magistrate judge.

Respectfully submitted,

Dated: October 7, 2022

ARAKSYA BOYADZHYAN, ESQ.

/s/ Araksya Boyadzhyan*
MGDESYAN LAW FIRM
Attorneys for Plaintiffs D.U. and Katie Uccello

Dated: October 7, 2022

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/ Jasmin Yang
JASMIN YANG
Assistant United States Attorney
Attorneys for the United States of America

*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

| | | | |
|---|---|---|---|
| **Case No.:** | 5:20-cv-02127-JWH-SPx | | |
| **Case Name:** | D.U. and Katie Uccello v. FIVE UNKNOWN NAMED DEPUTY MARSHALS OF THE U.S. MARSHALS SERVICES, UNITED STATE OF AMERICA | | |
| Event | Plaintiff's Request month/day/year | Defendant's Request month/day/year | Court's Order |
| X Jury Trial *or* ☐ Bench Trial **(Monday at 9:00 a.m.)** Length: 3-5 days | 11/13/2023 | June 10, 2024 | |
| Final Pretrial Conference [L.R. 16] **(Friday−17 days before trial date)** | 10/27/2023 | May 24, 2024 | |
| Hearing on Motions *in Limine* **(Friday−7 days before Final PTC)** | 10/20/2023 | May 10, 2024 | |
| Last Date to Hear Non-Discovery Motions | 08/04/2023 | April 26, 2024 | |
| Last Date to Conduct Settlement Conference | 08/11/2023 | March 29, 2024 | |
| All Discovery Cut-Off (including hearing all discovery motions) | 08/04/2023 | January 31, 2024 | |
| Expert Disclosure (Rebuttal) | 09/22/2023 | February 29, 2024 | |
| Expert Disclosure (Initial) | 08/25/2023 | March 29, 2024 | |

ADR [L.R. 16-15] Settlement Choice:

☒ Attorney Settlement Officer Panel

☐ Private Mediation

☐ Magistrate Judge