O

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.U., by and through her Guardian Ad Litem, KIMBERLY UCCELLO; and KATIE UCCELLO,<br><br>Plaintiffs,<br><br>v.<br><br>FIVE UNKNOWN NAMED DEPUTY MARSHALS OF THE U.S. MARSHALS SERVICE; UNITED STATES OF AMERICA; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02127-JWH-SP<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

# I.  SUMMARY OF DECISION

The American legal system was built—literally[1]—"on the premise that the adversary system is more effective in the search for truth."[2]  Thus, the administration of justice in this country depends on the choreographed conflict between two parties:  in civil practice, the plaintiff versus the defendant.  The discovery process rests squarely in this truth-from-conflict paradigm.[3]  If one party does not equally and actively participate, the system fails.  Because our system of justice relies on symmetrical participation, one party's decision to shirk its duties under the rules may earn it sanctions.

Before the Court is the motion of Defendant United States for terminating sanctions against Plaintiffs D.U. and Katie Uccello or, alternatively, dismissal for Plaintiffs' failure to prosecute.[4]  "Dismissal"—the most severe sanction that a district court can impose upon a party for its discovery violations—"is authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'"  *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (quoting *United States v. Kahaluu Const.*, 857 F.2d 600, 603 (9th Cir. 1988)).  Nonetheless, in this case, the Court finds that attorneys George Mgdesyan and Araksya Boyadzhyan of Mgdesyan Law Firm ("Plaintiffs' Counsel")[5] breached their obligations—to their adversary, to the Court, and to our justice system—to that "extreme" degree.  Plaintiffs' Counsel repeatedly failed to participate in discovery efforts; they consistently declined to communicate effectively (or at all) with the Government's counsel to coordinate discovery efforts; they defied multiple discovery orders issued by this Court; and they failed to brief multiple motions, including the instant dispositive Motion.  Plaintiffs' Counsel even failed to appear for the hearing on this Motion.  And Plaintiffs' Counsel

---

[1]    *See generally* Norman W. Spaulding, *The Enclosure of Justice:  Courthouse Architecture, Due Process, and the Dead Metaphor of Trial*, 24 YALE J.L. & HUMAN. 311 (2012).

[2]    Monroe H. Freedman, *Our Constitutionalized Adversary System*, 1 CHAP. L. REV. 57, 78 (1998).

[3]    *See* Frank H. Easterbrook, *Discovery as Abuse*, 69 B.U. L. REV. 635, 635 (1989) ("That discovery is war comes as no surprise.").

[4]    Mot. for Order for Terminating Sanctions and/or Dismissal for Failure to Prosecute (the "Motion") [ECF No. 67].

[5]    The Court notes that Plaintiffs' failures were perpetrated by Plaintiffs' Counsel.  A district courts is within its discretion to order dismissal pursuant to Rule 37 of the Federal Rules of Civil Procedure without prejudice.  *See, e.g.*, *O'Neill v. AGWI Lines*, 74 F.3d 93, 95 (5th Cir. 1996).  Additionally, this Court's Local Rules provide that dismissal without prejudice is the default option.  *See* L.R. 41-2 ("Unless the Court provides otherwise, any dismissal pursuant to L.R. 41-1 shall be without prejudice.").  For those reasons, the Court dismisses this action ***without prejudice***.

never offered a satisfactory explanation—or, indeed, **any** explanation—for their unethical behavior.  In view of Plaintiffs' Counsel's decision to abrogate completely their professional duties, the Court concludes that dismissal is appropriate.

## II.  BACKGROUND

### A.    Procedural History

Plaintiff D.U., a minor at the time of filing, and her sister, Plaintiff Katie Uccello, sued Defendants—the United States of America and five unknown Deputy U.S. Marshals—for shooting to death their father, Michael Uccello.[6]  Plaintiffs assert claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA").[7]

Both sides agree that the Government caused Mr. Uccello's death.[8]  At issue is whether the Government is liable for damages to compensate Mr. Uccello's daughters for causing his death.[9]  Plaintiffs' Complaint, as amended, survived the Government's Motion to Dismiss.[10]  But then Plaintiffs' Counsel abandoned this case.

The Government filed the instant Motion in September 2023.[11]  But this Motion is not the Government's first attempt to secure Plaintiffs' cooperation in the discovery process.  Indeed, the Government moved twice previously to compel discovery;[12] this

---

[6]     *See generally* Pls.' Second Am. Compl. for Damages (the "Amended Complaint") [ECF No. 32].  Defendant U.S. Marshals Service was terminated on August 3, 2022.  *See* Order Granting Def.'s Mot. to Dismiss First Am. Compl. [ECF No. 31].

[7]     *See* Amended Complaint.

[8]     *See* Def.'s Mot. for Summ. J. (the "MSJ") [ECF No. 68] 5:15-17 ("[Deputy Marshal Richard] Fritsch discharged nine to ten rounds at Uccello in rapid succession. . . .  Some rounds entered through the right side of Uccello's windshield, and others through his passenger door."); *id.* at 6:10-13 ("Uccello died within minutes of being shot. . . . .  Uccello was pronounced dead at the scene.").

[9]     *See generally* Amended Complaint; MSJ.

[10]    *See generally* Mins. of Hr'g re Def.'s Mot. to Dismiss Second Am. Compl. [ECF No. 42].

[11]    *See generally* Motion.  The Government also filed a motion for summary judgment.  *See* Def.'s Mot. for Summ. J. (the "Motion for Summary Judgment") [ECF No. 68].  In view of its decision on the instant Motion, the Court will DENY as moot the Government's Motion for Summary Judgment.

[12]    *See* Mot. to Compel Disc. from Pls. and their Mother (the "First Motion to Compel") [ECF No. 52]; Mot. to Compel Disc. from Pls., Kimberly Uccello, and Lisa Danialian (the "Second Motion to Compel") [ECF No. 59].

Court granted both motions.[13]  The Government filed those motions only after engaging in repeated attempts to secure Plaintiffs' Counsel's cooperation without Court involvement[14]—all without meaningful result.[15]

**B.    Plaintiffs' Counsel's Myriad Discovery Failures**

The timeline set forth below illustrates the extent and nature of Plaintiffs' Counsel's failure to participate adequately in the discovery process:

**1.    The Court Reprimanded Plaintiffs' Counsel in Its Order Dismissing the First Amended Complaint**

- <u>September 3, 2021</u>:  The Government's counsel emailed Plaintiffs' Counsel requesting a conference of counsel under L.R. 7-3; Plaintiffs' Counsel did not respond.[16]

- <u>September 7, 2021</u>:  The Government's counsel sent a follow-up email; Plaintiffs' Counsel again did not respond.[17]

- <u>October 4, 2021</u>:  Plaintiffs' Counsel filed their opposition to the Government's Motion to Dismiss 10 days late, in violation of L.R. 7-9.[18]

- <u>August 3, 2022</u>:  The Court granted the Government's Motion to Dismiss Plaintiffs' First Amended Complaint.[19]  In its order, the Court admonished Plaintiffs' Counsel for violating the Local Rules.[20]

---

[13]    *See* Order Granting Def.'s Mot. to Compel (the "<u>First Order to Compel</u>") [ECF No. 56]; Order Granting Def.'s Mot. to Compel but Declining to Recommend Terminating Sanctions at this Time (the "<u>Second Order to Compel</u>") [ECF No. 66].

[14]    *See* Motion 7:21-18:8.

[15]    *See id.*

[16]    Motion 7:22-24; Order Granting Mot. of Def. U.S.A. to Dismiss First Am. Compl. (the "<u>Order Dismissing First Amended Complaint</u>") [ECF No. 31] 8:12-9:1.

[17]    Motion 7:24-25; Order Dismissing First Amended Complaint 8:12-9:1.

[18]    Motion 7:27-28; Order Dismissing First Amended Complaint 8:11-12.

[19]    *See generally* Order Dismissing First Amended Complaint.

[20]    *See id.* at 8:10-9:26.

### 2. The Court Chided Plaintiffs' Counsel in Its First Order Compelling Discovery

- <u>January 13, 2023</u>:  The Government's counsel emailed Plaintiffs' Counsel requesting available dates for Plaintiffs' depositions in March 2023.  Plaintiffs' Counsel responded five days later, offering only March 17 or 20, 2023, for Katie Uccello and only March 17, 2023,  for D.U.[21]  The Government's counsel responded the same day, requesting to hold the March 20, 2023, date, and again seven days later requesting to hold the March 17, 2023, date as well.[22]

- <u>January 30, 2023</u>:  The Government's counsel served Plaintiffs with deposition notices for March 17 and 20, 2023; Plaintiffs' Counsel acknowledged their receipt two days later.[23]

- <u>February 3, 2023</u>:  The Government's counsel served Plaintiffs with a first set of interrogatories, requests for production ("<u>RFPs</u>"), and requests for admission; Plaintiffs did not respond by the March 6, 2023, deadline.[24]

- February 7, 2023:  The Government's counsel served a document subpoena on Kimberly Uccello, Plaintiffs' mother and D.U.'s guardian *ad litem*; Ms. Uccello did not respond by the February 21, 2023, deadline.[25]

- <u>March 13, 2023</u>:  After Plaintiffs' Counsel failed to respond to the Government's February 3, 2023, written discovery requests and February 7, 2023, subpoena, the Government's counsel emailed Plaintiffs' Counsel to inquire about the delay.[26] Plaintiffs' Counsel did not respond to the Government's counsel's email until March 30, 2023, and did so inadequately.[27]

---

[21]  Motion 11:10-14.

[22]  *Id.* at 11:14-18.

[23]  *Id.* at 11:18-20.

[24]  *Id.* at 9:25-10:1; First Order to Compel 2.  Plaintiffs' Counsel did not ultimately respond until after the Court ordered them to do so.  *See* Second Order to Compel 5.

[25]  Motion 8:17-19; First Order to Compel 2.  Plaintiffs' Counsel did not ultimately respond until after the Court ordered them to do so and separately held an informal discovery conference regarding the delays.  Motion 8:23-9:2; *see also* Second Order to Compel 2-3.

[26]  Motion 13:3-7; First Order to Compel 2.

[27]  Plaintiffs' Counsel's March 30, 2023, email to the Government's counsel said:  "Hi Counsel, My apologies for our need to reschedule the deposition and our inability to get you the responses to discovery.  As you know I was in trial in federal Court, I just started another state case yesterday, but the Court is dark these two days given the Friday Holiday, so I am working

- <u>March 15, 2023</u>:  After Plaintiffs' Counsel failed to respond to the Government's February 3, 2023, written discovery requests and February 7, 2023, subpoena, the Government's counsel emailed Plaintiffs' Counsel a meet-and-confer letter per L.R. 37.[28]  Plaintiffs' Counsel did not respond to the Government's counsel's email until March 30, 2023, and did so inadequately.[29]  The Government's counsel also sent to Plaintiffs' Counsel a letter to confirm Plaintiffs' attendance at their depositions scheduled for March 17 and 20, 2023.[30]

- <u>March 16, 2023</u>:  Plaintiffs' Counsel notified the Government's counsel that D.U. would not be appearing for her deposition the next day, March 17, 2023.[31]

- <u>March 17, 2023</u>:  Plaintiffs' Counsel notified the Government's counsel that Katie Uccello would not be appearing for her deposition in three days, March 20, 2023, without offering an explanation.[32]  Plaintiffs' Counsel did provide available dates in mid-April 2023.[33]

- <u>March 22, 2023</u>:  The Government's counsel emailed Plaintiffs' Counsel requesting available dates for conducting Plaintiffs' rescheduled depositions the next week; Plaintiffs' Counsel never responded.[34]

- <u>March 24, 2023</u>:  The Government's counsel emailed Plaintiffs' Counsel the Government's portion of a joint discovery stipulation to complete for the First Motion to Compel.[35]  Plaintiffs' Counsel never completed it.[36]

- <u>March 30, 2023</u>:  Plaintiffs' Counsel finally sent a non-substantive email response to the Government's counsel.[37]

---

diligently in trying to get you the responses by tomorrow.  Sorry again for the delay, and I appreciate your understanding!"  Motion, Ex. 1 [ECF No. 67-3] 39.

[28]    Motion 13:7-10; First Order to Compel 2.

[29]    *See supra* n.27.

[30]    Motion 11:21-23.

[31]    *Id.* at 11:23-12:1.

[32]    *Id.* at 12:4-8.

[33]    *Id.* at 12:8-10.

[34]    *Id.* at 12:11-13.

[35]    *Id.* at 13:11-15; First Order to Compel 2.

[36]    Motion 13:15-16; First Order to Compel 2.

[37]    *See supra* n.27.

- <u>March 31, 2023</u>:  The Government's counsel filed its First Motion to Compel.[38]
  Plaintiffs' Counsel never filed an opposition.

- <u>May 5, 2023</u>:  The Court granted the Government's First Motion to Compel,
  ordering Plaintiffs to respond without objection to the Government's February 3,
  2023, discovery requests and to produce the requested documents by May 15,
  2023, and ordering Kimberly Uccello to respond to the February 7, 2023,
  subpoena by May 15, 2023.[39]

### 3.    The Court Warned Plaintiffs' Counsel in Its Second Order Compelling Discovery

- <u>April 20, 2023</u>:  The Government's counsel served its second set of RFPs and
  interrogatories, due May 22, 2023, on Plaintiffs' Counsel; Plaintiffs' Counsel did
  not respond by the deadline.[40]

- <u>May 1, 2023</u>:  The Government's counsel served Plaintiffs' Counsel with a
  subpoena for records and deposition for Lisa Danialian, Plaintiffs' stepmother, due
  May 19, 2023; Plaintiffs' Counsel did not respond by the deadline.[41]

- <u>May 15, 2023</u>:  The deadline set by the Court for compliance with its First Order to
  Compel.[42]  Plaintiffs' Counsel did not comply with any element of the Order by
  the deadline.[43]

- <u>May 23, 2023</u>:  The Government's counsel requested to meet and confer with
  respect to the Government's instant Motion, which seeks terminating sanctions or
  the involuntary dismissal of this case.[44]  That request apparently prompted
  Plaintiffs' Counsel finally to produce their written discovery responses (per the
  Government's original February 3, 2023, request, and the Court's First Order to
  Compel, which set a May 15, 2023, deadline for compliance).[45]  The parties met
  and conferred; Plaintiffs' Counsel stated that Kimberly Uccello and Lisa Danialian

---

[38]    *See generally* First Motion to Compel.

[39]    First Order to Compel 3-4.

[40]    Motion 13:20-23; Second Order to Compel 2.

[41]    Motion 14:7-13; Second Order to Compel 2.

[42]    First Order to Compel 3-4.

[43]    Second Order to Compel 2.

[44]    *Id.*

[45]    *Id.*

would respond to their subpoenas that day and by May 31, 2023, respectively.[46]
Plaintiffs' Counsel did not respond with respect to Kimberly Uccello's subpoena
that day, as they had agreed to do.[47]

- <u>May 31, 2023</u>:  Plaintiffs' Counsel did not respond with respect to Lisa Danialian's
  subpoena, as they had agreed to do.[48]

- <u>June 1, 2023</u>:  The Government's counsel emailed Plaintiffs' Counsel a meet-and-
  confer letter regarding deficiencies in Plaintiffs' first and second set of written
  discovery responses and Plaintiffs' non-compliance with the Court's First Order
  to Compel and their own agreements of May 23, 2023, and raised the issue of
  Plaintiffs' deficient damages computations; Plaintiffs' Counsel did not respond.[49]

- <u>June 5, 2023</u>:  The Government's counsel sent a follow-up email; Plaintiffs'
  Counsel still did not respond.[50]

- <u>June 20, 2023</u>:  The Government's counsel sent to Plaintiffs' Counsel the
  Government's portion of a joint stipulation to complete for the Government's
  Second Motion to Compel and sent a reminder email on June 27, 2023, the date
  that the stipulation was due; Plaintiffs' Counsel never completed or returned it.[51]

- <u>June 21, 2023</u>:  Magistrate Judge Sheri Pym conducted an informal telephone
  conference with the parties, pursuant to a request by the Government's counsel;
  Magistrate Judge Pym ordered the parties to meet and confer "this week," and the
  parties complied.[52]

- <u>June 23, 2023</u>:  The parties met and conferred pursuant to the Court's order.
  Plaintiffs' Counsel agreed (1) to withdraw Plaintiffs' objections to the written
  discovery requests; (2) to supplement Plaintiffs' responses to the interrogatories
  and RFPs by June 30, 2023; (3) to supplement Plaintiffs' disclosures regarding the
  damages computations; (4) that Kimberly Uccello would respond to her subpoena
  by the next week; and (5) that Plaintiffs' Counsel would contact Lisa Danialian

---

[46]    *Id.*

[47]    *Id.* at 3.

[48]    *Id.*

[49]    Motion 15:20-25; Second Order to Compel 3.

[50]    Motion 15:25-26; Second Order to Compel 3.

[51]    Motion 16:1-3; Second Order to Compel 3.

[52]    Motion 16:5-7; Second Order to Compel 3.

regarding her outstanding subpoena.[53]  Plaintiffs' Counsel ultimately complied
with four of those five obligations by June 30, 2023; they never did supplement
Plaintiffs' responses to the interrogatories and RFPs (the second item to which
they had agreed).[54]

- June 27, 2023:  The Government filed its Second Motion to Compel, which
  included a request for sanctions.[55]  Plaintiffs' Counsel never filed an opposition.

- July 5, 2023:  The Government's counsel sent to Plaintiffs' Counsel an email
  identifying deficiencies in Plaintiffs' supplemental disclosures and subpoena
  responses and noting that Plaintiffs had not supplemented their responses to the
  interrogatories and RFPs per Plaintiffs' Counsel's June 23, 2023, agreement;
  Plaintiffs' Counsel never responded.[56]

- July 21, 2023:  The Court granted the Government's Second Motion to Compel.
  The Court (1) ordered Plaintiffs to supplement their responses to the
  interrogatories and RFPs and to provide a complete computation of damages by
  category by July 28, 2023; (2) ordered Kimberly Uccello and Lisa Danialian to
  conduct a diligent search and produce all documents responsive to the requests in
  their subpoenas by July 28, 2023; but (3) declined to impose terminating sanctions
  "at [t]his [t]ime" because "[P]laintiffs ha[d] not been entirely unresponsive, and
  there [wa]s still time for [them] to prove the supplemental discovery responses and
  initial disclosures before the July 28 discovery cutoff."[57]  The Court warned
  Plaintiffs' Counsel that they came "close to demonstrating the willfulness, bad
  faith, and fault that would justify terminating sanctions" by "repeatedly fail[ing] to
  meet their basic discovery obligations without explanation or excuse."[58]  Plaintiffs'
  counsel failed to comply with any part of the Court's order.[59]

---

[53]    Second Order to Compel 3.

[54]    *Id.*

[55]    *See generally* Second Motion to Compel.

[56]    Second Order to Compel 3-4.

[57]    *Id.* at 4-9.

[58]    *Id.* at 9-10.

[59]    Motion 6:14-7:5.

### 4.    Plaintiffs' Counsel's Latest Misconduct, Not Previously Addressed

- <u>July 28, 2023</u>:  Plaintiffs' Counsel failed to meet the deadline for compliance with the Court's Second Order to Compel; they have not complied with any part of the Order to date.[60]

- <u>August 16, 2023</u>:  The Government's counsel served Plaintiffs' Counsel with a notice of deposition for Plaintiffs' expert due September 18, 2023, and with a third set of RFPs due September 15, 2023; Plaintiffs' Counsel failed to meet either deadline.[61]

- <u>August 16 to September 11, 2023</u>:  The Government's counsel sent to Plaintiffs' Counsel five separate requests to meet and confer regarding the Government's Motion for Summary Judgment; Plaintiffs' Counsel ignored all five requests.[62]

- <u>August 21, 2023</u>:  In one of the Government's counsel's five emails, the Government's counsel proposed that Plaintiffs' Counsel return Plaintiffs' portions of the joint exhibit and joint statement for the Motion for Summary Judgment by September 15, 2023; Plaintiffs' Counsel neither responded nor provided their portions of the documents.[63]

- <u>September 7 to 11, 2023</u>:  The Government's counsel twice requested to meet and confer with Plaintiffs' Counsel regarding the instant Motion; Plaintiffs' Counsel ignored both requests.[64]

- <u>October 6, 2023</u>:  Plaintiffs' Counsel failed to file any papers in opposition to the Government's Motion for Summary Judgment or the instant Motion.

- <u>October 20, 2023</u>:  Plaintiffs' Counsel failed to appear for the hearing on the instant Motion and the Government's Motion for Summary Judgment.[65]

---

[60]    *Id.*

[61]    *Id.* at 17:19-25.

[62]    *Id.* at 16:28-17:3.

[63]    *Id.* at 17:5-12.

[64]    *Id.* at 17:15-17.

[65]    *See* Mins. of Hr'g on Mot. for Terminating Sanctions and Mot. for Summ. J. [ECF No. 70].

## C.    Plaintiffs' Counsel's Other Cases

Despite their lack of responsiveness to both the Government's counsel and this
Court, Plaintiffs' Counsel appears to be actively litigating other cases.  Since the
Government's counsel transmitted its first unacknowledged email on September 3,
2021,[66] through the date of the hearing on the instant Motion on October 20, 2023,
Plaintiffs' Counsel appeared as counsel of record in least 35 cases in federal court alone.[67]
Between June 30, 2023—when the Government's counsel last heard from Plaintiffs'
Counsel—through the date of the hearing on this Motion, Plaintiffs' Counsel was actively
litigating 34 federal cases.[68]  Perhaps most ironically, Plaintiffs' Counsel filed a response
to an Order to Show Cause for lack of prosecution in another case the day before the
hearing on the instant Motion.[69]  Yet, Plaintiffs' Counsel did not appear for the hearing
on the instant Motion.

## III.  LEGAL STANDARD

The Federal Rules of Civil Procedure authorize a district court to impose
sanctions, including dismissal, for failure to comply with a court order.  *See generally*
Fed. R. Civ. P. 37(b)(2).  Similarly, the court may impose sanctions, including dismissal,
for a party's failure to attend its own deposition, to serve answers to interrogatories, or to
respond to a request for inspection.  *See generally* Fed. R. Civ. P. 37(d).

Rule 41(b) enables the court to dismiss a case involuntarily when the plaintiff "fails
to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b).
The dismissal can be with or without prejudice.  *See id.*

Under this Court's Local Rules, "[t]he failure of any counsel to comply with or
cooperate in [discovery] procedures may result in the imposition of sanctions."
L.R. 37-4.  Additionally, the Court may dismiss a case "for want of prosecution," L.R. 41-
1, or for a party's failure to appear without notice, *see* L.R. 41-5.  Such dismissal may be
with or without prejudice.  *See* L.R. 41-2.

---

[66]    *See supra* Part II.A.1.

[67]    *See infra* Table of Plaintiffs' Counsel's Activity in Federal Court Since September 3,
2021, Part VI (Appendix).

[68]    *Id.*

[69]    *Id.* (that other case is *Hakobyan v. City of Los Angeles*, Case
No. 2:23-cv-04411-HDV-MAR; the docket number of their filing in that case is ECF No. 14).

Finally, the court may impose discovery sanctions, including dismissal, based upon its inherent power to control its docket. *See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 n.2 (9th Cir. 1992) ("This court has . . . confirmed the power of the district court to sanction under its inherent powers not only for bad faith, but also for willfulness or fault by the offending party."). Sanctions imposed under the court's inherent powers are meant to compensate the prejudiced party rather than to punish the offender. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017) (limiting sanctions imposed pursuant to violations of civil procedure rules to compensatory, rather than punitive, sanctions). The court may also use its inherent powers to hold parties or their attorneys in contempt for failure to obey court orders. *See, e.g.*, *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 207 (1999).

# IV.  ANALYSIS

## A.  Plaintiffs' Counsel Failed to Cooperate in Discovery, Justifying Terminating Sanctions

### 1.    Preliminary Considerations

Before a Court may impose sanctions under Rule 37, the sanctionable party must generally have violated a preexisting court order, except when the party fails to appear for a deposition or to respond at all to discovery requests. *See Unigard Sec. Ins. Co.*, 982 F.2d at 368 ("Rule 37(b)(2)'s requirement that there be some form of court order that has been disobeyed has not been read out of existence; Rule 37(b)(2) has never been read to authorize sanctions for more general discovery abuse."); *Hilao v. Est. of Marcos*, 103 F.3d 762, 764-65 (9th Cir. 1996) (sanctioning a party who "fail[ed] to appear for depositions or to produce documents," even without a preexisting court order).

In this case, Plaintiffs' Counsel has committed all three violations. Plaintiffs' Counsel violated ***two*** preexisting court orders; they failed to appear for their expert's deposition and failed to respond at all to the Government's discovery requests, including requests to which this Court ordered them to respond in its Second Order to Compel.[70] Thus, the Court is within its discretion to impose sanctions under Rule 37. *See Unigard Sec. Ins. Co.*, 982 F.2d at 368; *Hilao*, 103 F.3d at 764-65.

---

[70]    *See supra* Part II.A.

### 2. Plaintiffs' Counsel's Discovery Violations Were Willful and in Bad Faith, and Plaintiffs' Counsel Were at Fault

"Dismissal," the most severe sanction available under Rule 37, "is authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'" *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (quoting *United States v. Kahaluu Const.*, 857 F.2d 600, 603 (9th Cir. 1988)).[71] Dismissible conduct constituting "willfulness, bad faith, or fault" is defined as "'disobedient conduct not shown to be outside the control of the litigant.'" *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)). Dismissal is usually reserved for repeated violations of court orders, although a single violation may suffice if it is sufficiently severe. *See, e.g.*, *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056-57 (9th Cir. 1998) (concluding that dishonest concealment of critical evidence justified dismissal).

This Court determined, at the time that it issued its Second Order to Compel, that Plaintiffs' Counsel was "close to demonstrating the willfulness, bad faith, and fault that would justify terminating sanctions."[72] Since that time, Plaintiffs' Counsel has failed to comply with any part of that Order and has continued to disregard completely all of the Government's counsel's communications and requests for discovery.[73] And Plaintiffs' Counsel has not even bothered to oppose the instant Motion, to appear at the hearing, or to offer any explanation whatsoever for their complete disregard of the Federal Rules of Civil Procedure, the Local Rules, this Court's orders, and general litigation decorum.[74] Moreover, Plaintiffs' Counsel cannot offer a satisfactory explanation for why their behavior was outside their control, given that they have been actively litigating other cases while leaving this case to founder[75]—indeed, rhetorically, what could possibly prevent Plaintiffs' Counsel from participating in ***this*** case but not ***dozens*** of other cases?[76] This Court finds that Plaintiffs' Counsel has demonstrated the "willfulness, bad faith, [and]

---

[71] In contrast, there is no requirement that the sanctionable behavior must be willful for a court to impose non-terminating sanctions. *See Lew v. Kona Hosp.*, 754 F.2d 1420, 1427 (9th Cir. 1985) ("Even a negligent failure to allow reasonable discovery may be punished.").

[72] Second Order to Compel 9.

[73] *See supra* Part II.A.4.

[74] *Id.*

[75] *See supra* Part II.A.5 (discussing cases in which Plaintiffs' Counsel has actively participated during the recent pendency of this case); *see also infra* Part VI (listing those cases in table form).

[76] *See infra* Part VI.

fault" required to impose terminating sanctions.  *See In re Exxon Valdez*, 102 F.3d at 432 (quoting *United States v. Kahaluu Const.*, 857 F.2d at 603).

### 3.      Plaintiffs' Counsel's Violations Warrant Terminating Sanctions

"A court must consider the following five factors before [imposing terminating sanctions]: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quoting *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011)).  "Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them."  *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (quoting *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997)).  Thus, "the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990); *see also Computer Task Grp.*, 364 F.3d at 1115.

In this case, as in all cases in which a court order has been violated, the public interest favors the expeditious resolution of litigation.  This Court, which sits in the largest federal judicial district in the nation,[77] has a compelling need to manage its docket efficiently; public policy favors the disposition of cases on their merits.  *See Computer Task Grp., Inc.*, 364 F.3d at 1115.  Thus, the Court focuses on the "key factors": prejudice to the opposing party and the availability of lesser sanctions.  *See Wanderer*, 910 F.2d at 656.

In this case, both factors point decisively toward dismissal.  The Government has been supremely prejudiced, having to expend time and resources in their undoubtedly frustrating and ultimately unsuccessful effort to induce Plaintiffs' Counsel simply to comply with the rules.[78]  And the Court is unable to imagine how lesser sanctions would change Plaintiffs' Counsel's behavior, in light of the fact that they have already been ordered to follow the rules twice, they have been warned three times, and they failed to

---

[77]      *See* United States Attorney's Office, *About the District*, Central District of California, https://www.justice.gov/usao-cdca#:~:text=About%20the%20District&text=This%20includes%20a%20population%20of,interests%20of%20the%20United%20Statesf (last accessed Sept. 14, 2024).

[78]      *See supra* Part II.A.1-4.

oppose two dispositive motions, including this one.[79]  Thus, terminating sanctions are warranted.

## B.      Plaintiffs Have Failed to Prosecute This Case, Justifying Involuntary Dismissal Under Rule 41(b)

"'Dismissal . . . is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996).  Before imposing dismissal under Rule 41(b), a court weighs the same five factors that it considers in Rule 37 decisions.  *See id.* (listing the same factors for consideration).  "[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," so the burden falls on the plaintiff to provide "a non-frivolous explanation." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002).  A court should weigh the plaintiff's excuse against the prejudice to the defendant.  *See Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980).

As discussed above in Part IV.A.3, the factors compel dismissal.  The Court's decision to dismiss is even more clear under the Rule 41(b)-specific caselaw, which places the burden to provide an adequate excuse upon Plaintiffs, *see id.*; as discussed above, Plaintiffs' Counsel cannot explain their decision to ignore completely the Government's counsel and the Court in this case, but not in so many other cases.[80]

## V.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      The Government's instant Motion for terminating sanctions [ECF No. 67] is **GRANTED**.  This case is **DISMISSED without prejudice**.

2.      The Government's counsel is **DIRECTED** to report Plaintiffs' Counsel's professional misconduct to the California State Bar, pursuant to their obligations under Rule 8.3 of the California Rules of Professional Conduct.

---

[79]      *See id.*  The Court also notes that its two admonitions in its two Orders to Compel satisfy its burden to warn the offending parties before imposing terminating sanctions.  *See United States* ex rel. *Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 605 (9th Cir. 1988).

[80]      *See supra* Part IV.A.3 (citing the table in the Appendix, which lists 59 other cases that Plaintiffs' Counsel has actively litigated at the same time as their sanctionable behavior in this case).

     3.     The Government's Motion for Summary Judgment [ECF No. 68] is **DENIED as moot**.

     4.     Judgment will issue accordingly.  The Court will entertain an appropriate motion from the Government for an award of costs and fees, if it chooses to file one.

     **IT IS SO ORDERED.**

Dated:  September 19, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

# VI. APPENDIX

Table of Plaintiffs' Counsel's Activity in Federal Court Since September 3, 2021,
as of the date of the hearing on the instant Motion, October 20, 2023:[81]

| Attorney | Case Name | Case Number | Date Filed | Last Activity Date (as of 10/20/2023) |
|---|---|---|---|---|
| Both (George Mgdesyan & Araksya Boyadzhyan) | R.V. v. Walmart, Inc. et al | 2:21-cv-07466-MEMF-ADS | 9/17/2021 | 10/20/2023 |
| Both (George Mgdesyan & Araksya Boyadzhyan) | Vagharshak Hakobyan v. City of Los Angeles et al | 2:23-cv-04411-HDV-MAR | 6/5/2023 | 10/19/2023 |
| George Mgdesyan | George Cristea | 2:23-cr-00077-JFW-1 | 2/16/2023 | 10/19/2023 |
| George Mgdesyan | Hayk Khalatyan | 2:22-cr-00345-DMG-1 | 7/29/2022 | 10/19/2023 |
| George Mgdesyan | Narek Margaryan | 2:19-cr-00233-DMG-1 | 4/18/2019 | 10/18/2023 |
| Both (George Mgdesyan & Araksya Boyadzhyan) | Shahin Safae Manesh v. City of Beverly Hills et al | 2:20-cv-07427-DSF-AS | 8/17/2020 | 10/16/2023 |
| George Mgdesyan | Hayk Martirosyan | 2:23-cr-00468-TJH-2 | 9/22/2023 | 10/12/2023 |
| George Mgdesyan | Hayk Martirosyan | 2:23-cr-00468-TJH-2 | 9/8/2023 | 10/12/2023 |
| George Mgdesyan | Arman Nikogosyan | 2:22-cr-00610-JFW-1 | 12/21/2022 | 10/12/2023 |
| George Mgdesyan | Anna Furmanskaya | 2:21-cr-00312-MCS-1 | 7/7/2021 | 10/11/2023 |
| George Mgdesyan | Ani Hunanyan | 2:20-cr-00344-DMG-2 | 8/11/2020 | 10/11/2023 |
| Both (George Mgdesyan & Araksya Boyadzhyan) | Anna Tamazyan v. Costco Wholesale Corporation et al | 2:23-cv-07518-FMO-AJR | 9/11/2023 | 10/5/2023 |
| George Mgdesyan | Ara Sahakyan | 2:20-cr-00445-ODW-1 | 9/30/2020 | 10/5/2023 |
| George Mgdesyan | Moses Seraydarian | 8:20-cr-00086-ODW-2 | 7/14/2020 | 10/3/2023 |
| George Mgdesyan | Petros Terakopyan | 2:18-cr-00548-ODW-2 | 8/28/2018 | 10/3/2023 |
| George Mgdesyan | Stepan Terakopyan | 2:18-cr-00548-ODW-3 | 8/28/2018 | 10/3/2023 |
| George Mgdesyan | Robert Aslanyan | 2:23-cr-00022-ODW-1 | 1/18/2023 | 10/2/2023 |
| George Mgdesyan | Mihai Cristea | 2:23-cr-00117-DMG-1 | 3/15/2023 | 9/29/2023 |
| Both (George Mgdesyan & Araksya Boyadzhyan) | William Carrillo Silva v. California Highway Patrol et al | 2:23-cv-07052-AB-SSC | 8/25/2023 | 9/28/2023 |
| George Mgdesyan | Emil Airapetian | 2:23-cr-00243-RGK-1 | 5/19/2023 | 9/26/2023 |
| George Mgdesyan | Vardges Abelyan | 2:23-cr-00285-ODW-1 | 6/8/2023 | 9/14/2023 |
| George Mgdesyan | Taron Agazaryan | 2:21-cr-00542-JAK-1 | 11/30/2021 | 9/14/2023 |
| George Mgdesyan | Mihran Papazian v. State Farm Mutual Automobile Insurance Company et al | 2:23-cv-07587-DSF-JC | 9/12/2023 | 9/12/2023 |
| George Mgdesyan | Adis Poghosyan | 2:23-cr-00443-RGK-1 | 9/6/2023 | 9/11/2023 |
| Both (George Mgdesyan & Araksya Boyadzhyan) | Sako Bala v. Qatar Airways et al | 2:23-cv-03632-FLA-JPR | 5/11/2023 | 9/8/2023 |
| George Mgdesyan | Daniel Lipan | 2:23-cr-00063-MCS-1 | 2/14/2023 | 9/5/2023 |
| Both (George Mgdesyan & Araksya Boyadzhyan) | Dexter Hubert White v. City of Los Angeles et al | 2:19-cv-00243-DDP-RAO | 1/10/2019 | 9/1/2023 |
| Both (George Mgdesyan & Araksya Boyadzhyan) | Brandon Shay Franklin v. County of Los Angeles et al | 2:23-cv-06779-FMO-MAA | 8/17/2023 | 8/17/2023 |
| George Mgdesyan | Artur Chanchikyan | 2:22-cr-00153-DMG-1 | 4/19/2022 | 8/17/2023 |
| George Mgdesyan | Petros Hannesyan | 2:21-cr-00284-JAK-1 | 6/15/2021 | 8/14/2023 |
| George Mgdesyan | Stefan Balint | 2:23-cr-00122-MWF-1 | 3/16/2023 | 8/11/2023 |
| Both (George Mgdesyan & Araksya Boyadzhyan) | Gratchya Salatyan v. State Of California et al | 2:23-cv-04725-MEMF-JC | 6/15/2023 | 8/10/2023 |
| George Mgdesyan | Anahit Khachatryan | 2:19-cr-00673-ODW-1 | 11/6/2019 | 8/9/2023 |
| George Mgdesyan | Artur Grigoryan | 2:23-mj-03608-DUTY-1 | 7/19/2023 | 7/25/2023 |
| George Mgdesyan | Ionut Dragos Munteanu | 8:23-cr-00045-DOC-4 | 4/19/2023 | 6/7/2023 |
| Both (George Mgdesyan & Araksya Boyadzhyan) | Romik Sargsyan v. County of San Bernardino et al | 5:22-cv-00081-JGB-SP | 1/12/2022 | 4/23/2023 |
| George Mgdesyan | Vardan Khalatyan | 2:22-cr-00041-MCS-1 | 9/26/2022 | 4/10/2023 |
| Both (George Mgdesyan & Araksya Boyadzhyan) | Harut Torosyan v. City of Los Angeles, et al | 2:19-cv-07837-DMG-MRW | 9/10/2019 | 3/16/2023 |
| Both (George Mgdesyan & Araksya Boyadzhyan) | Isaiah Kahren Young et al v. County of San Bernardino et al | 5:21-cv-01050-JGB-KK | 6/22/2021 | 2/27/2023 |
| George Mgdesyan | Felix Cisneros, Jr | 2:21-cr-00051-RGK-1 | 2/16/2021 | 12/12/2022 |
| George Mgdesyan | Arman Mkrtchyan | 2:22-cr-00226-MCS-1 | 5/23/2022 | 11/21/2022 |
| George Mgdesyan | Hovannes Artur Nikolyan | 2:22-mj-03706-DUTY-1 | 9/16/2022 | 11/3/2022 |
| George Mgdesyan | Nshan Sargsian | 2:19-cr-00184-FMO-1 | 3/26/2019 | 10/26/2022 |
| George Mgdesyan | Ruben Filian | 2:18-cr-00374-ODW-1 | 6/20/2018 | 10/11/2022 |
| George Mgdesyan | Mher Darbinyan | 8:22-cr-00034-CJC-19 | 3/30/2022 | 8/11/2022 |
| George Mgdesyan | Gheorghe Dumitru | 2:21-cr-00541-MWF-1 | 11/30/2021 | 8/11/2022 |
| Both (George Mgdesyan & Araksya Boyadzhyan) | Gerardo Becerra v. United States of America et al | 2:22-cv-00849-JAK-JC | 2/7/2022 | 8/4/2022 |
| George Mgdesyan | Akop Darmandzhyan | 2:19-cr-00055-MWF-26 | 1/31/2019 | 7/27/2022 |
| George Mgdesyan | Artur Nazaryan | 2:22-cr-00041-JAK-2 | 2/15/2022 | 6/23/2022 |
| Both (George Mgdesyan & Araksya Boyadzhyan) | Calvin Russell v. City of Los Angeles et al | 2:20-cv-02471-FMO-E | 3/13/2020 | 6/17/2022 |
| George Mgdesyan | Tigran Mkrtchyan | 2:22-mj-00319-DUTY-1 | 1/25/2022 | 1/25/2022 |
| George Mgdesyan | Sergie Gharapetian | 2:22-mj-00320-DUTY-1 | 1/25/2022 | 1/25/2022 |
| Both (George Mgdesyan & Araksya Boyadzhyan) | Melyssa Mathewson v. United State of America et al | 2:21-cv-01905-AB-KS | 3/1/2021 | 1/10/2022 |
| George Mgdesyan | Manuk Grigoryan | 2:20-cr-00579-SVW-5 | 11/17/2020 | 1/5/2022 |
| George Mgdesyan | Arthur Muradyan | 2:21-cr-00490-FMO-1 | 10/15/2021 | 12/15/2021 |
| George Mgdesyan | Khachatur Chobanyan | 2:19-cr-00287-DMG-7 | 5/10/2019 | 11/24/2021 |
| George Mgdesyan | Hovanes Sungulyan | 2:20-cr-00379-PA-1 | 8/27/2020 | 11/15/2021 |
| George Mgdesyan | Ester Varoyan v. Transamerica Life Insurance Company | 2:20-cv-06371-ODW-SK | 7/17/2020 | 10/21/2021 |
| George Mgdesyan | Andranik Amiryan | 2:20-cr-00520-DMG-1 | 10/27/2020 | 9/23/2021 |

[81]     The information in the table is obtained from a search in CM/ECF of Plaintiffs' Counsel:
attorneys George Mgdesyan and Araksya Boyadzhyan.